IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRADLEY JAMES CORNILLE, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-1988-MAB |
| | ) | |
| | ) | |
| **ROB JEFFREYS, DANIEL L. CONN,** | ) | |
| **PERCY MYERS, TERESA PARRISH,** | ) | |
| **and WEXFORD HEALTH SOURCES,** | ) | |
| **INC.,** | ) | |
| | | |
| **Defendants.** | | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Bradley James Cornille, Sr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was at Centralia Correctional Center. In the Complaint, Cornille alleges Defendants were deliberately indifferent in the treatment of his gastrointestinal ("GI") issues. He asserts claims against the Defendants under the Eighth Amendment and Illinois state law.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1]  Under Section 1915A, the Court is required to screen

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health

1

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Cornille makes the following allegations: Cornille suffers from a chronic GI illness (Doc. 1, p. 6). In January 2022, he spoke to a warden about his need to have his medications refilled and an order for a bland diet (*Id.*). On January 25, 2022, he saw Dr. Percy Myers for his chronic condition, which Cornille alleges he has had since birth (*Id.*). He described his pain at the time he met with Dr. Myers as a 7 out of 10 because he was out of his medications. Cornille's list of medications include: MiraLAX, fish oil, probiotics, multi-vitamins, and Boost or Ensure (*Id.* at pp. 6-7). Dr. Myers refused his request for medication, a bland diet, and Boost or Ensure supplements for nutrients, noting that he did not have Cornille's prior records. Instead, Dr. Myers provided Cornille with Tums (*Id.* at p. 7).

Cornille continued to place sick calls to be seen by healthcare staff (*Id.* at pp. 7-8). He also complained to the warden at Centralia. On February 12, 2022, Cornille complained of unbearable pain and was taken by emergency medical writ to a local hospital (*Id.* at p. 8). He was provided narcotics and antibiotics. The hospital diagnosed

---

Sources, Inc. to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and both the Illinois Department of Corrections and Wexford Health Sources, Inc..

Cornille with inflamed GI, IBS and/or gastroenteritis (*Id.* at p. 9). Although he was discharged with instructions to meet with an outside doctor, he was never allowed to go to the appointment (*Id.*).

The next day, Cornille complained of trouble walking due to pain and asked that his medications be sent to his housing unit (*Id.* at p. 10). Teresa Parrish, a nurse in the healthcare unit, directed that Cornille be brought to the healthcare unit in a wheelchair (*Id.*). Parrish then yelled at Cornille, stating that he was not sick and would have to walk to the healthcare unit for his medications from then on (*Id.*).

Throughout February 2022, Cornille continued to place sick call slips requesting care (*Id.* at pp. 11-12). He also wrote grievances about the lack of care (*Id.* at p. 11). On March 1, 2022, he compiled exhibits consisting of grievances and sick call slips and sent an "official notice and request for investigation" to Wexford Health Sources, Inc.'s CEO Daniel L. Conn (*Id.* at p. 12). He requested an intervention at Centralia to stop the staff's deliberate indifference to his condition (*Id.*). He received a certified mail receipt indicating that the documents and request were delivered. Conn never responded to Cornille nor did he take any corrective action at the prison (*Id.*).

Cornille also continued to file grievances, speak with various wardens at the prison, and provide them with documentation about his need for proper medical care (*Id.* at p. 14). On March 15, 2022, Cornille again met with Dr. Myers about his chronic condition (*Id.* at p. 15). Cornille showed Dr. Myers his medical records from his recent emergency room visit and requested care (*Id.*). Dr. Myers informed Cornille that he did not need any medication, he simply needed to drink more water (*Id.*). Cornille requested

3

an appointment with a specialist, but Dr. Myers refused, became angry with Cornille, and yelled that he was not going to refer him out for care (*Id.*).

After submitting additional sick call slips through the month of March, Cornille saw Dr. Myers again on March 30, 2022 (*Id.* at p. 17). Dr. Myers again denied him additional care, stating that he only needed to drink more water (*Id.*). He again refused to send Cornille to a specialist (*Id.* at p. 18). After the appointment, Cornille filed a mandamus proceeding in Clinton County, requesting medical care. On April 11, 2022, Cornille saw Dr. Smith and was provided a bland medical diet, MiraLAX, fish oil, and a probiotic (*Id.* at p. 19).

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** **Eighth Amendment deliberate indifference claim against Rob Jeffreys, Daniel L. Conn, Percy Myers, and Teresa Parrish for denying Cornille adequate care for his chronic GI illness.**

**Count 2:** **Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc., for maintaining a policy or practice of withholding necessary medical screening and/or testing for chronic conditions.**

**Count 3:** **Illinois state law claim for intentional infliction of emotional distress against Defendants.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Count 1

At this stage, Cornille states a viable claim for deliberate indifference in Count 1 against Dr. Myers. Cornille alleges that he requested care from Dr. Myers on several occasions and that Dr. Myers refused to provide him with the requested care or send him to an outside specialist. Instead, he merely instructed Cornille to drink water.

However, Cornille fails to state a claim as to Teresa Parrish, Daniel Conn, and Rob Jeffreys. Cornille only alleges that Parrish yelled at him on one occasion and that she told him he would have to come over to the healthcare unit to receive his medication (*Id.* at p. 10). But there are no allegations to suggest that she denied him care. Rather, the allegations indicate she sent staff to retrieve him in a wheelchair. Moreover, there are no allegations to suggest she refused his medication on that date (*Id.*). Nothing in the Complaint suggests she was deliberately indifferent to his medical needs. Accordingly, Parrish is **DISMISSED without prejudice**.

Further, Cornille fails to allege that Conn or Jeffreys participated in his care. Cornille alleges that Conn, as CEO of Wexford, turned a blind eye to his needs when he sent a request for investigation to his office. Although Cornille maintains that he received a return receipt, there are no allegations to suggest that Conn received the complaint or

---

[2] This includes any claim under the Fourteenth Amendment. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

was aware of Cornille's need for care. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (The relevant inquiry is whether defendants "actually knew about [Plaintiff's] condition, not whether a reasonable official should have known."). Similarly, Cornille alleges that Jeffreys is being sued in his official capacity because he has the power to change things at the prisons (Doc. 1, p. 19). But there are no allegations to suggest that Jeffreys was aware of his need for medical care. And Jeffreys cannot be held liable merely because of his position as director because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Thus, both Conn and Jeffreys are also **DISMISSED without prejudice**.

### Count 2

As to Count 2, Cornille alleges that Wexford had a policy or practice of withholding necessary medical screening and/or testing (Doc. 1, pp. 19-20). Cornille alleges that, as a result of that policy, he did not receive adequate medical care. But he fails to allege what screening or testing he sought that was denied by any of his healthcare providers. The Complaint only suggests that Dr. Myers refused to provide his requested medications/diet and refused to send him out to a specialist, but Cornille fails to allege that there were specific tests and screening that he requested which were denied. Thus, Count 2 is also **DISMISSED without prejudice**.

### Count 3

Because Cornille states a claim in Count 1 against Dr. Myers, Cornille also states a viable claim in Count 3 against Dr. Myers. He fails, however, to allege that any of the

6

other Defendants' actions amounted to intentional infliction of emotional distress. Thus, Count 3 is **DISMISSED without prejudice** as to all other defendants.

## Disposition

For the reasons stated above, Counts 1 and 3 shall proceed against Dr. Myers. All other claims and Defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Dr. Percy Myers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Cornille. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Cornille, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Myers is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendant Myers need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Cornille, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Cornille is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/15/2023**

/s/ Mark A. Beatty
MARK A. BEATTY
**U.S. Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**